# Employment Status of the Members of the Board of Directors of the Federal Housing Finance Board

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, which created the Federal Housing Finance Board, permits the members of the Board of Directors of the FHFB to serve on a part-time basis.

July 11, 1990

MEMORANDUM OPINION FOR THE CHAIRMAN
FEDERAL HOUSING FINANCE BOARD

This memorandum responds to your request for a summary which could be made available to the Congress, of the reasoning underlying our January 31, 1990, opinion for the White House Counsel's Office regarding the service of the members of the Board of Directors of the Federal Housing Finance Board.

## I. BACKGROUND

The Federal Housing Finance Board ("FHFB") was established by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, § 702(a), 103 Stat. 183, 413 (codified at 12 U.S.C. § 1422a(a)), for the purpose of overseeing and regulating the Federal Home Loan Banks. The Federal Home Loan Bank Board ("FHLBB") had previously supervised the Federal Home Loan Banks. The FHLBB also exercised regulatory supervision over federally insured savings and loan associations. *See* 12 U.S.C. §§ 1437, 1464-1470, & 1724-1730i (1988). FIRREA abolished the FHLBB and distributed its duties among several agencies. The Office of Thrift Supervision ("OTS") was assigned primary regulatory authority over the savings and loan industry, *see* 12 U.S.C. § 1462a(e), *as added by* FIRREA, § 301, 103 Stat. at 278-79, and the FHFB was given regulatory authority over the Federal Home Loan Banks. *See* 12 U.S.C. § 1422a & 1422b, *as added by* FIRREA, § 702(a), 103 Stat. at 413-14. Other functions previously performed by the FHLBB relating to the management of deposit insurance and the resolution of cases were transferred

127

respectively to the Federal Deposit Insurance Corporation ("FDIC") and the Resolution Trust Corporation ("RTC"). FIRREA, §§ 202 & 501(a), 103 Stat. at 188, 363-93, (codified at 12 U.S.C. §§ 1811 & 1441a).

The FHFB is to be managed by a Board of Directors comprising five members: the Secretary of Housing and Urban Development and four individuals appointed by the President with the advice and consent of the Senate. 12 U.S.C. § 1422a(b)(1).[1] The four directors appointed by the President are required to have, among other qualifications, "extensive experience or training in housing finance" or "a commitment to providing specialized housing credit." *Id.* § 1422a(b)(2)(A). At least one of these four directors must be chosen "from an organization with more than a 2-year history of representing consumer or community interests on banking services, credit needs, housing, or financial consumer protections." *Id.* § 1422a(b)(2)(B). These four directors may not hold any other appointed office or serve as an officer or director of a Federal Home Loan Bank or of any member of any such Bank, nor may they have any financial interest in any such member. *Id.* § 1422a(b)(2)(A) & (C).

## II. DISCUSSION

No provision of FIRREA expressly or impliedly requires that the members of the Board of Directors of the FHFB serve on either a full-time or a part-time basis. Accordingly, the employment status of the members must be determined by construing the relevant provision of FIRREA, as a whole, in light of the Act's legislative history.[2]

There is little legislative history on this question. From the legislative history that does exist, however, it appears that Congress contemplated that members of the Board of Directors would serve on a part-time basis. The conference report and the Senate report on the bill that became law are silent on the part-time or full-time status of the members of Board of Directors. *See* H.R. Conf. Rep. No. 222, 101st Cong., 1st Sess. 423-24 (1989), *reprinted in* 1989 U.S.C.C.A.N. 432, 462-63; S. Rep. No. 19, 101st Cong., 1st Sess. 364-65 (1989) (discussing proposed "Federal Home Loan Bank

---

[1] Regardless of whether the directors serve on a part-time or a full-time basis, this scheme comports with the Appointments Clause of the Constitution, Article II, Section 2, pursuant to which the President appoints officers of the United States with the advice and consent of the Senate.

[2] We do not believe that the matter may be resolved by applying a presumption that Congress would have expressly specified part-time employment had it so intended. While such a presumption might be appropriate where the duties of the office are such that full-time employment must have been intended, that is not the case here. *See infra* pp. 128-29. Moreover, on a number of occasions Congress has been equally clear in expressly requiring *full-time* employment. *See, e.g.,* 16 U.S.C. § 831a(e) ("No member of the [Tennessee Valley Authority Board of Directors] shall, during his continuance in office, be engaged in any other business, but each member shall devote himself to the work of the Corporation."); 42 U.S.C. § 5841(e) ("No member of the [Nuclear Regulatory Commission] shall engage in any business, vocation, or employment other than that of serving as a member of the Commission."). Thus, there is no more reason in this context to indulge a presumption that Congress intended for the Directors to serve full-time, than there is that it intended for them to serve part-time.

128

Agency"). However, the House report on the bill reported by the House Banking, Finance and Urban Affairs Committee does address this issue, and there is no relevant difference between the applicable provisions in that bill and those contained in the bill that was enacted into law.[3] The House report unequivocally states that "members of the Board of Directors will not serve on a full-time basis." H.R. Rep. No. 54(I), 101st Cong., 1st Sess. 455 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 251.

An analysis of the provisions of FIRREA that created the FHFB and defined its duties supports the conclusion that Congress expected that members of the FHFB Board of Directors may serve on a part-time basis. Although the members of the FHLBB served on a full-time basis, FIRREA divided the duties of the FHLBB among at least four different agencies and assigned the five members of the FHFB substantially fewer functions than had been performed by the three members of the FHLBB. In particular, the burdensome tasks of supervising thrift institutions and of managing case resolutions were assigned to OTS and RTC respectively, not to the FHFB. Also, oversight of deposit insurance was transferred to the Federal Deposit Insurance Corporation. The House report thus described the FHFB as "a small, effective and efficient governing body." H.R. Rep. No. 54(I), at 455, 1989 U.S.C.C.A.N. at 251. In light of the fact that the FHFB is to perform substantially fewer tasks with a greater number of members, it was fully reasonable for Congress to conclude that full-time service would not be essential for members of the FHFB Board.

We also note that FIRREA authorizes the FHFB to "employ, direct, and fix the compensation and number of employees, attorneys, and agents of the Federal Housing Finance Board." FIRREA, § 702(a), 103 Stat. at 414 (codified at 12 U.S.C. § 1422b(b)(1)). This provision permits the FHFB members to employ a staff to whom it may delegate various functions.[4] Congress'

[3] It has been argued that the proposed status of the Board changed from part-time to full-time when the proposed composition of the Board in the House bill was changed to eliminate the two Federal Home Loan Bank presidents. Not only is there no evidence that the proposed part-time status was attributable to the inclusion of these bank presidents; there is no evidence, affirmative or inferential, that Congress intended the status of the Board to change from part-time to full-time as a consequence of the recomposition. If anything, the evidence is to the contrary because the Secretary of Housing and Urban Development is one of the five members of the Board of Directors. 12 U S.C. § 1422a(b)(1)(A). Obviously, Congress did not expect the Secretary to serve full-time as a FHFB Director.

[4] In its May 9, 1990, memorandum on this subject, the American Law Division of the Congressional Research Service appeared to suggest that FIRREA generally prohibits the delegation of discretionary duties by the FHFB. This suggestion is incorrect. FIRREA merely states that "in no event shall the Board delegate any function to any employee, administrative unit of any Bank, or joint office *of the Federal Home Loan Bank System*." FIRREA, § 702(a), 103 Stat at 414-15 (codified at 12 U.S C. § 1422b(b)(1)) (emphasis added). Section 701 of FIRREA defines the term "Federal Home Loan Bank System" to mean "the Federal Home Loan Banks under the supervision of the Board " 103 Stat at 412 (codified at 12 U.S.C § 1422(2)(B)). Accordingly, the nondelegation provision only operates to prevent the FHFB from delegating discretionary supervisory duties to the Federal Home Loan Banks, their employees, or their offices -- the entities being regulated. It does not prohibit the FHFB from delegating functions to its own employees This construction of section 702 is confirmed by the comments on the Senate bill, from which this provision originated. *See* S. Rep. No. 19, at 364 ("The Agency [later renamed the FHFB] may not delegate any of its functions to any employee or administrative unit *of any FHL Bank*.") (emphasis added).

decision to empower the FHFB both to employ however many employees it needs and to delegate to those employees many of its functions is consistent with Congress' apparent belief that part-time service would be permissible. Accordingly, we conclude that the members of the Board of Directors may serve on a part-time basis. Indeed, the only available direct evidence is that Congress expected that the Directors would serve part-time.

We do not believe that any of the provisions of FIRREA are inconsistent with this conclusion. In particular, the fact that FIRREA provides for the Chairperson and other members of the Board of Directors to be compensated respectively at Levels III and IV of the Executive Schedule, *see* FIRREA, § 702(a), 103 Stat. at 415 (codified at 12 U.S.C. § 1422b(b)(1)), does not imply that these individuals must serve in a full-time capacity. This provision merely fixes the *rate* of compensation. Federal law provides the formula for calculating the salary of a part-time employee from the Executive Schedule if the annual rate of compensation is known. *See* 5 U.S.C. § 5505. Moreover, the original House bill established the same rates of compensation for these officials, *see* H.R. 1278, § 723, 101st Cong., 1st Sess. (as reported by the House Comm. on Banking, Finance and Urban Affairs), *reprinted in* H.R. Rep. No. 54(1), at 190, at the same time that the House report expressly acknowledged that these individuals would not serve full-time. *Id.* at 455, 1989 U.S.C.C.A.N. at 251.

Finally, we do not believe that the fact that FIRREA contains conflict-of-interest and incompatibility provisions applicable to the FHFB implies that the members of the Board of Directors must serve on a full-time basis. Section 702 of FIRREA provides that each of the appointed members of the Board of Directors of the FHFB may not "hold any other appointed office during his or her term as director" and may not "serve as a director or officer of any Federal Home Loan Bank or any member of any Bank" or "hold shares of, or any other financial interest, in, any member of any such Bank." 103 Stat. at 413 (codified at 12 U.S.C. § 1422a(b)(2)(A) & (C)). These provisions serve purposes that are wholly independent of the employment status of the Board of Directors and do not in any way suggest that Congress intended for these members to serve on a full-time basis. The purpose of the conflict-of-interest provisions is to ensure the impartiality and objectivity of the members of the Board. The incompatibility provision ensures the FHFB's status as an "independent agency in the executive branch," 12 U.S.C. § 1422a(a)(2), by forbidding the simultaneous appointment of, for example, a Treasury Department official to the Board of Directors of the FHFB.[5] The need for such restrictions exists regardless of whether the members serve full-time or part-time. Indeed, if anything, the need for these

---

[5] The legislative history indicates that Congress was concerned that the FHFB not come under the indirect control of other executive branch agencies. *See, e.g.*, H.R. Rep. No. 54(I), at 454, 1989 U.S.C.C.A.N. at 250 ("The Treasury Department's oversight and direction of the Director of the Office of Thrift Supervision shall not extend, directly or indirectly, to the Federal Housing Finance Board . . . ").

provisions is *greater* when members serve on a part-time basis and therefore have more time available to engage in the kind of activities that Congress wished to foreclose. The House report appears to have recognized as much when it stated that "[a]lthough members of the Board of Directors will not serve on a full-time basis, no appointive member of the Federal Housing Finance Board may hold any other federally appointive office." H.R. Rep. No. 54(I), at 455, 1989 U.S.C.C.A.N. at 251.

## CONCLUSION

Construing the relevant provisions of FIRREA in light of the Act's legislative history, we conclude that the members of the Board of Directors of the FHFB may serve on a part-time basis. Indeed, the House report expressly states that the members would not serve full-time service. Part-time service appears fully consistent with the reduced duties and increased membership of the FHFB as compared with its predecessor, the FHLBB.

J. MICHAEL LUTTIG
*Acting Assistant Attorney General*
*Office of Legal Counsel*

131